# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**DT & C GLOBAL MANAGEMENT, LLC d/b/a TOWN & COUNTRY LIMOUSINE**, a limited liability company, and **JOHN JANSEN** and **WILLIAM LYNCH**, individuals,<br>　　　　　　Defendants. | Case No.: 15-cv-2010<br><br>Equitable and legal relief sought |

## COMPLAINT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants, **DT & C GLOBAL MANAGEMENT, LLC d/b/a TOWN & COUNTRY LIMOUSINE**, a limited liability company, and **JOHN JANSEN**, an individual, and **WILLIAM LYNCH**, an individual (hereinafter collectively "defendants"), from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, et seq.), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to sections 16(c) and 17 of the Act.

**I**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II**

(A)　　Defendant **DT & C GLOBAL MANAGEMENT, LLC d/b/a TOWN & COUNTRY LIMOUSINE** is and, at all times hereinafter mentioned, was a limited liability

company with an office and place of business within Cook County at 3201 S. Hoyne Avenue, Chicago, Illinois 60608, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the operation of providing corporate and consumer ground transportation.

(B) Defendant **JOHN JANSEN**, an individual, is and, at all times hereinafter mentioned, was the Chief Executive Officer engaged in business within Cook County at 3201 S. Hoyne Avenue, Chicago, Illinois 60608, within the jurisdiction of this court. At all times hereinafter mentioned, John Jansen acted directly or indirectly in the interest of **DT & C GLOBAL MANAGEMENT, LLC d/b/a TOWN & COUNTRY LIMOUSINE** in relation to its employees, serving as its sole owner and actively managing its day-to-day operations, and is an employer within the meaning of section 3(d) of the Act.

(C) Defendant **WILLIAM LYNCH**, an individual, is and, at all times hereinafter mentioned, was the Chief Operating Officer engaged in business within Cook County at 3201 S. Hoyne Avenue, Chicago, Illinois 60608, within the jurisdiction of this court. At all times hereinafter mentioned, William Lynch acted directly or indirectly in the interest of **DT & C GLOBAL MANAGEMENT, LLC d/b/a TOWN & COUNTRY LIMOUSINE** in relation to its employees, by actively overseeing its day-to-day operations, supervising employees, and hiring employees, and is an employer within the meaning of section 3(d) of the Act.

### III

Defendant **DT & C GLOBAL MANAGEMENT, LLC d/b/a TOWN & COUNTRY LIMOUSINE** is and at all times hereinafter mentioned an enterprise engaged in related activities performed through unified operation or common control for a common business purpose within the meaning of section 3(r) of the Act.

IV

Defendant **DT & C GLOBAL MANAGEMENT, LLC d/b/a TOWN & COUNTRY LIMOUSINE** is and at all times hereinafter was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, defendants misclassified chauffeurs as exempt employees under section 13(b)(1) of the Act and failed to pay them at rates not less than one and one-half times their regular rates for hours they worked in excess of forty hours per week for the following activities: 1) prepping, maintaining, and cleaning defendants' vehicles; 2) waiting for customers to arrive; and 3) driving defendants' vehicles from defendants' garage to the first customer and driving defendants' vehicles from the last customer back to defendants' garage.

VI

Defendants violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. § 516, in that records failed to show adequately and accurately the hours worked each workday and the total hours worked each workweek. Specifically, defendants failed to record the time chauffeurs spent prepping, maintaining, and cleaning defendants' vehicles, the time spent waiting for customers to arrive, and the time spent driving defendants' vehicles from defendants' garage to the first customer and driving defendants' vehicles back to defendants' garage after the last customer. Defendants also failed to accurately record the hourly wages of chauffeurs for the time spent driving Uber customers.

VII

During the period since March 1, 2012, defendants violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by sections 16(c) and 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

4

        (1)    pursuant to section 16(c) of the Act finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A during the two (2) year period immediately preceding the filing of this complaint and thereafter (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

        (2)    pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of overtime compensation found to be due defendants' employees during the two (2) year period immediately preceding the filing of this complaint and thereafter and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

        (c)    For an Order awarding plaintiff the costs of this action; and

        (d)    For an Order granting such other and further relief as may be necessary or appropriate.

                **M. PATRICIA SMITH**
                Solicitor of Labor

| | |
|---|---|
| P.O. Address: | **CHRISTINE Z. HERI** |
| Office of the Solicitor | Regional Solicitor |
| U.S. Department of Labor | |
| 230 S. Dearborn Street, Suite 844 | |
| Chicago, IL 60604 | /s/ Catherine L. Homolka |
| | **CATHERINE L. HOMOLKA** |
| | **Attorney Bar ID # 6306193 (IL)** |
| | |
| Telephone: (312) 353-4995 | Attorneys for Thomas E. Perez, |
| Fax: (312) 353-5698 | Secretary of Labor |
| Email: homolka.catherine@dol.gov | |