$\mathcal{W}$

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil action no.: 1:15-cv-02010 |
| DT & C GLOBAL MANAGEMENT, LLC, d/b/a TOWN & COUNTRY LIMOUSINE, a limited liability company, and JOHN JANSEN and WILLIAM LYNCH, individuals, | ) ) ) ) ) | Hon. Virginia M. Kendall |
| Defendants. | ) ) | |

### JUDGMENT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of

Labor, having filed his complaint and Defendants, **DT & C GLOBAL**

**MANAGEMENT, LLC**, a limited liability company, d/b/a **TOWN & COUNTRY**

**LIMOUSINE**, and **JOHN JANSEN** and **WILLIAM LYNCH**, individuals, (hereinafter

collectively "Defendants"), having been duly served with a copy of the complaint and

summons and having filed an answer to the complaint, having failed to defend within the

time prescribed by law, and the truth of the allegations contained in the complaint having

been made to appear by the declaration of the Plaintiff's Assistant District Director; now,

therefore upon application of the Plaintiff and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against Defendants in accordance with

the prayer of the complaint in the above-styled action pursuant to sections 16(c) and 17 of

the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 et seq., (the "Act")

as follows:

## I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to

section 17 of the Act, that the Defendants, their officers, agents, servants, employees, and

all persons in active concert or participation with them be, and they hereby are,

permanently enjoined and restrained from violating the provisions of the Act in any of the

following manners:

(a)      Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of

their employees who in any workweek are engaged in commerce or the production of goods for

commerce, or who are employed in an enterprise engaged in commerce or in the production of

goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours,

unless such employee receives compensation for his employment in excess of forty (40) hours at

a rate not less than one and one-half times the regular rates at which he is employed.

Specifically, Defendants shall not misclassify chauffeurs as exempt employees under section

13(b)(1) of the Act and shall not fail to pay them at rates not less than one and one-half times

their regular rates for hours worked in excess of forty hours per week for the following activities:

1) prepping, maintaining, and cleaning Defendants' vehicles; 2) waiting for customers to arrive;

and 3) driving Defendants' vehicles from Defendants' garage to the first customer and driving

Defendants' vehicles from the last customer back to Defendants' garage.

(b)      Defendants shall not fail to make, keep and preserve records of their

employees and of the wages, hours, and other conditions and practices of employment

2

maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 C.F.R. 516. Specifically, Defendants shall not fail to record the time chauffeurs spent prepping, maintaining, and cleaning Defendants' vehicles, the time spent waiting for customers to arrive, and the time spent driving Defendants' vehicles from Defendants' garage to the first customer and driving Defendants' vehicles back to Defendants' garage after the last customer. Defendants also shall not fail to accurately record the hourly wages of chauffeurs for the time spent driving Uber customers;

(c)     Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the Act.

## II

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c)

of the Act, in favor of the Plaintiff and against the Defendants in the total amount of

$381,432.32.

(a)     Defendants shall pay to the Plaintiff the sum of $190,716.09, which

represents the unpaid overtime compensation hereby found to be due, for the period from

March 1, 2012, through March 1, 2014, to the present and former employees named in

Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

(b)     Defendants shall further pay to Plaintiff as liquidated damages the

additional sum of $190,716.09, hereby found to be due, for the period from March 1,

2012, through March 1, 2014, to the present and former employees named in Exhibit A,

attached hereto and made a part hereof, in the amounts set forth therein.

(c)     The monetary provisions of this judgment shall be deemed satisfied, upon

Defendants' delivery to Plaintiff's representative of the following:

(1)     A schedule in duplicate showing the name, last-known address,

social security number, gross amount of wages due, amounts deducted from gross wages

for employees' share of social security and withholding taxes, amount of liquidated

damages due, and the net amount of such payment for each employee named in Exhibit

A.

(2)     Separate certified checks for each employee named in Exhibit A,

made payable to the order of the employee or the "Wage and Hour Div., Labor" as

alternative payees (for example, the first check should read "PAY TO THE ORDER OF

JANE DOE <u>or</u> the WAGE AND HOUR DIV., LABOR") and be equal to the net amount due to each such employee after deducting the amount of legal deductions as listed on the schedule referred to in subparagraph (c)(1) above from the gross amount of wages as listed opposite his name in Exhibit A attached; and

(3)     Plaintiff shall distribute the checks referred to in paragraphs (2) and (3) hereof, or the proceeds thereof, to the persons named in Exhibit A attached hereto, or to their estates, if that be necessary, and any amounts of unpaid overtime compensation or liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

### III

**FURTHER**, it is **ORDERED** that:

(a)     Plaintiff shall recover interest pursuant to 28 U.S.C. § 1961 from the date of Entry of this Judgment until the date all sums are paid; and

(b)     the United States Marshall shall cause a true copy of this judgment to be served on all of the Defendants; and

(c)     Defendants shall pay the costs of this action, including the United States Marshal's fee and expenses for service of a true copy of this judgment, as aforesaid.

**SO ORDERED.**

Dated this _____ day of _____, 2015.

5

VIRGINIA M. KENDALL
UNITED STATES DISTRICT COURT JUDGE

12-14-15

25

**EXHIBIT A**

| NAME | GROSS WAGES | LIQUIDATED DAMAGES | TOTAL |
|---|---|---|---|
| 1. Abu-Helai, Ahmed | $869.13 | $869.13 | $1,738.26 |
| 2. Anderson, Dwayne | $617.35 | $617.35 | $1,234.70 |
| 3. Arnstein, Tracy | $1,100.78 | $1,100.78 | $2,201.56 |
| 4. Cantu, Francisco | $447.66 | $447.66 | $895.32 |
| 5. Childs, Richard | $14,940.14 | $14,940.14 | $29,880.28 |
| 6. Cius, Luca | $255.51 | $255.51 | $511.02 |
| 7. Conley, Donald | $350.35 | $350.35 | $700.70 |
| 8. Dart, A. Keith | $10,279.98 | $10,279.98 | $20,559.96 |
| 9. Dunne, Gerald | $473.39 | $473.39 | $946.78 |
| 10. Finley, Gregory | $16,372.90 | $16,372.90 | $32,745.80 |
| 11. Foster, Darrell | $602.37 | $602.37 | $1204.74 |
| 12. Grabner, David | $22,702.19 | $22,702.19 | $45,404.38 |
| 13. Guiab, Christian | $1,711.98 | $1,711.98 | $3,423.96 |
| 14. Hecker, Michael | $5,625.90 | $5,625.90 | $11,251.80 |
| 15. Hisson, Michael | $2,829.74 | $2,829.74 | $5,659.48 |
| 16. Hunt, Robert | $3,568.36 | $3568.36 | $7,136.72 |
| 17. Janulis, Richard | $20,269.00 | $20,269.00 | $40,538 |
| 18. Jarm, Fred | $1,102.08 | $1,102.08 | $2204.16 |
| 19. Khokon, Sheikh | $127.75 | $127.75 | $255.50 |
| 20. McClendon, Kenneth | $3,364.09 | $3,364.09 | $6,728.18 |

**EXHIBIT A CONTINUED**

| NAME | GROSS WAGES | LIQUIDATED DAMAGES | TOTAL |
|---|---|---|---|
| 21. McKinley, Jim | $19,751.20 | $19,751.20 | $39,502.40 |
| 22. Moore, Terrence | $2,145.24 | $2,145.24 | $4,290.48 |
| 23. Nordhem, Jon | $4,850.69 | $4,850.69 | $9,701.38 |
| 24. Nugent, Andrew | $348.75 | $348.75 | $697.50 |
| 25. Rossolille, Salvatore | $2,090.63 | $2,090.63 | $4181.26 |
| 26. Seifert, Michael | $31,947.75 | $31,947.75 | $63,895.50 |
| 27. Sterling, Gerald | $6,941.18 | $6,941.18 | $13,882.36 |
| 28. Taylor, Barry | $5,752.08 | $5,752.08 | $11,504.16 |
| 29. Torgerson, Donald | $2,701.58 | $2,701.58 | $5,403.16 |
| 30. Urquiza, Fabian | $192.81 | $192.81 | $385.62 |
| 31. Wiemken, Paul | $612.27 | $612.27 | $1,224.54 |
| 32. Williams, Johnny | $242.93 | $242.93 | $485.86 |
| 33. Wolski, Paul | $109.19 | $109.19 | $218.38 |
| 34. Zoppa, Roy | $5,419.21 | $5,419.21 | $10,838.42 |
| **Totals:** | **$190.716.16** | **$190,716.16** | **$381,432.32** |

## CERTIFICATE OF SERVICE

I certify that the undersigned emailed this proposed *Judgment* in case number 1:15-CV-02010 to Proposed_Order_Kendall@ilnd.uscourts.gov. I further certify that the undersigned caused a copy of this *Notice of Motion* to be served this 10th day of December 2015, by U.S. mail to the following individuals:

> DT & C Global Management, LLC d/b/a Town and Country Limousine
> 3201 S. Hoyne Avenue
> Chicago, IL 60608
>
> DT & C Global Management, LLC d/b/a Town and Country Limousine
> 858 West Armitage Ave, Suite 301
> Chicago, IL 60614
>
> John J. Jansen
> 858 West Armitage Ave, Suite 301
> Chicago, IL 60614
>
> William M. Lynch
> 858 West Armitage Ave, Suite 301
> Chicago, IL 60614

> s/ Catherine L. Homolka
> **CATHERINE L. HOMOLKA**
> Trial Attorney